Walbridge *v.* Spalding.

---

GEORGE B. WALBRIDGE AND ALBERT HAYDEN *v.* RUFUS SPALDING.

The bond required to be executed by a non-resident plaintiff in attachment, his *agent or attorney*, prior to the issuing of the writ, (S. L. 1842, p. 118, § 3,) may, when executed by such agent or attorney, be, in form, his personal obligation, and be executed by him in his own name, describing himself as such agent, and not in the name, or on behalf of his principal, the plaintiff in the attachment.

Such bond is not vitiated by the omission, in the body of it, of the christian name of the principal obligor, he having executed the same by his full name.

Where such bond is not in the name of the plaintiff in the attachment, but is the personal obligation of his agent, no power under seal need be shown, authorizing its execution by the agent.

CASE certified from the Lenawee Circuit Court. This suit was commenced by writ of attachment against the

property of the defendant. The plaintiffs were non-residents of this state. The statute, (S. L. 1843, p. 118, § 3,) provides, that no attachment shall be "issued at the instance of any person not a resident of this state, at the time of issuing thereof, until a bond shall have been executed by him, *his agent or attorney*, in the penal sum of five hundred dollars, with at least two sufficient sureties, to be approved by the clerk of the court in which application for such attachment shall be made, conditioned to pay all the costs and damages of suit, if the plaintiff shall fail to recover against the defendant." The bond filed in this case was executed by Charles W. Hill, with two sureties, and reads thus : " We, —— Hill, agent of George B. Walbridge and Albert Hayden, as principal, and Albert M. Baker and Charles R. Backus as sureties, are held and firmly bound," &c.; Hill binding himself personally, and not his principals, and his christian name being left blank in the body of the instrument.

The defendant moved the Circuit Court to quash the attachment on the ground : 1. That the bond must be executed by the principals, in person, or by their attorney, in their names and behalf; and, 2. That the omission of the christian name of Hill in the body of the bond rendered it insufficient.

*A. K. Tiffany*, for the motion.

*Baker & Millerd*, contra.

Goodwin, J. delivered the opinion of the Court.

It will be perceived that the bond is within the letter of the statute, being executed by the agent of the plaintiffs, so described on the face of the instrument. But it is insisted that the proper construction is, that it must be executed by an attorney or agent, for and in the name of the party, as the bond of the party, and not of the agent or

attorney.   Such is not the language of the statute; nor is there any thing in the act, or its objects, which shows such to have been the intent; or any reason for departing from the plain literal construction.   This provision is made in respect only to non-residents of the state.   There seems to be good reason in such case to permit a bond to be executed by the agent personally, who is present, and who may not be furnished with a power to execute sealed instruments for his principal, and who may yet be authorized to resort to the requisite legal process to collect the debt. And hence, probably, the language of the section referred to.   In the preceding section of the same act, the Legislature, in providing for a bond in a different case of a foreign corporation defendant, use different language, and require that, "the defendant, by his duly authorized agent or attorney, shall give bonds."   If, in the third section, they designed to require the party to execute the bond, why use the words agent or attorney at all? For, the bond executed by the authorized agent or attorney, would be the bond of the party; or, why not adopt like language to that used in the preceding section?

The object of the bond is security for damages and costs.   And this certainly is as well, at least, effected by the bond of the agent or attorney, who is generally a resident, (with sureties,) as by that of a non-resident.

Reference is made to the chapter in the Revised Statutes relative to courts of justices of the peace, and also the act of 1841, relative to those courts, in which, on an appeal to the circuit court, *the party, his agent or attorney,* is required to enter into recognizance; and when, in the circuit court, judgment is rendered against the appellant, it may, on motion, be rendered also against the surety on the appeal; and it is insisted that, from these provisions, the Legislature, in thus using those words, intended that the agent or attorney should execute in the name of, and

bind the principal; and that, therefore, in the section under consideration, in the use of the same words, the same design is to be presumed. If, in the provisions of laws on a different subject entirely, the Legislature have, in one section, by a particular provision, controlled and limited the meaning of the general phraseology of another, it is not perceived by what rule the like limitations should, by construction, be applied to other laws, on other subjects wholly disconnected; especially, when, in the statute to which such construction is sought to be given, the Legislature have, in another and immediately preceding section, on a like topic, so worded the phraseology, as in the first and second sections of the act under consideration. This change cannot be considered accidental, but the reverse. Dwarris on St. 706, '7.

As to the omission, in the body of the bond, of the christian name of Hill, he having executed by his full name, this certainly cannot vitiate the instrument. It would, notwithstanding, be held the bond of Hill, on a plea of *non est factum.*

It was insisted, also, that a power under seal should be shown, from the principal, to execute the bond. This would be necessary, if the bond was in the name of the principals, so as to make it their bond. It appears on the proceedings in the Circuit Court, that Hill was the agent of the plaintiffs for suing out the writ of attachment. This is sufficient.

On the points presented, it should be certified to the Circuit Court, as the opinion of this Court, that the motion should be denied.

*Certified accordingly.*